1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7   **MEMPHIS MEATS, INC.**,

Plaintiff,

8

v.

9

**NAPAT TANDIKUL**,

10

Defendant.

11

| | |
|---|---|
| Case No. 21-cv-3072-YGR | |

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION, AND ORDER PERMITTING EXPEDITED DISCOVERY**

Re: Dkt. No. 4

12        Plaintiff Memphis Meats, Inc. has filed its *Ex Parte* Application seeking a temporary

13   restraining order, order to show cause why a preliminary injunction should not be issued, and

14   order for expedited discovery.  Plaintiffs' counsel's declaration indicates that he has given notice

15   by electronic mail to Defendant Tandikul at two email addresses she is believed to use.  (Dkt. No.

16   4-6.)

17        Having considered the Complaint, Plaintiff's Application, the Memorandum in Support,

18   the Declarations of Kevin Kayser, Jaclyn Kassmeier, Jay Vlavianos, and Jerry Bui, this Court

19   **GRANTS** plaintiff's Application as follows:

20                                **ORDER TO SHOW CAUSE**

21        **DEFENDANT NAPAT TANDIKUL IS ORDERED TO SHOW CAUSE** why a preliminary

22   injunction should not be entered against you restraining and enjoining you, and those acting in

23   concert with you, from:

24        1. Accessing, using, disclosing, sharing, or making available to any person or entity other

25   than Plaintiff, any of Plaintiff's confidential proprietary, or trade secret documents, data, or

26   information;

27        2. Bringing, sending, transmitting, or otherwise transferring Memphis Meats' confidential,

28   proprietary, or trade secret information to Thailand or any other foreign country;

3. Altering, destroying, or disposing of any evidence or other materials, in any form, relating to this action and the issues raised herein, including, without limitation, all devices, electronic media, cloud storage, and all copies of any and all documents, notebooks, media and/or other materials, containing, identifying, describing, reflecting or referencing Memphis Meats' confidential, proprietary, or trade secret information, and any and all documents, data and information which was obtained by you from, or by virtue of your employment with, Memphis Meats, including all current or archived media, notebooks, emails, chats, texts, documents, electronic logs, metadata, storage and directories;

**AND FURTHER ORDERED TO SHOW CAUSE** why a preliminary injunction should not be entered against you mandating that you, and those acting in concert with you, account for and return to Plaintiff any and all of Plaintiff's property, including its confidential, proprietary, and trade secret information, which may be contained in Defendant's notebooks, documents, digital files, cloud storage, email, media and/or other materials.

**TEMPORARY RESTRAINING ORDER**

Pending hearing on the Order to Show Cause, Defendant Napat Tandikul and any person acting in concert with her are restrained and enjoined from:

1. Accessing, using, disclosing, sharing, or making available to any person or entity other than Plaintiff, any of Plaintiff's confidential proprietary, or trade secret documents, data, or information;

2. Bringing, sending, transmitting, or otherwise transferring Memphis Meats' confidential, proprietary, or trade secret information to Thailand or any other foreign country;

3. Altering, destroying, or disposing of any evidence or other materials, in any form, relating to this action and the issues raised herein, including, without limitation, all devices, electronic media, cloud storage, and all copies of any and all documents, notebooks, media and/or other materials, containing, identifying, describing, reflecting or referencing Memphis Meats' confidential, proprietary, or trade secret information, and any and all documents, data and information which was obtained by you from, or by virtue of your employment with, Memphis

Meats, including all current or archived media, notebooks, emails, chats, texts, documents, electronic logs, metadata, storage and directories.

**IT IS FURTHER ORDERED THAT** that no bond need be posted by Memphis Meats in connection with this Temporary Restraining Order because the Court finds that there is no apparent risk of monetary loss to Defendant as a result of the issuance of this Order.

### ORDER PERMITTING EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED THAT**, good cause having been shown, pursuant to Federal Rule of Civil Procedure 26(d)(1), Plaintiff's request for expedited discovery is **GRANTED** as follows:

1. Plaintiff is permitted to depose defendant Napat Tandikul to determine (i) the company property that Defendant took from Memphis Meats, (ii) the current location of any Memphis Meats property taken by Defendant, (iii) whether, when, and what trade secret and confidential information Defendant has disclosed to any third party;

2. Defendant Napat Tandikul shall permit a forensics e-discovery expert to: (i) "clone" or mirror image; and (ii) search for and identify Plaintiff's data, information, documents, materials and any material derived therefrom, in the "cloned" or mirror images of the following:

- Defendant's personal email accounts;

- Defendant's phone, personal computers, other mobile devices (including phones and tablets), and any other computer drive or storage account, both local, or stored in an offsite server or the "cloud," in Defendant's possession, custody, or control, or that were subject to her use, and that were used to access or store, even temporarily, Memphis Meats' confidential, proprietary, or trade secret information.

The parties may stipulate to a protocol for this e-discovery or use the Court's Model Stipulated Order Re: Discovery of Electronically Stored Info, available on the Court's website.

**IT IS FURTHER ORDERED THAT**,

1. Plaintiff shall serve this Temporary Restraining Order and Order to Show Cause, along with the Summons and Complaint, and Ex Parte Application, Memorandum in Support, Declarations of Kevin Kayser, Jaclyn Kassmeier, Jay Vlavianos, and Jerry Bui on

1   Defendant no later than **April 30, 2021** by electronic mail and personal service.  Proof of

2   such service shall be filed no later than **May 3, 2021**.

3   2.   Any opposition to the Order to Show Cause shall be filed no later than **May 5, 2021**.

4   3.   Any written reply shall be filed no later than **May 10, 2021 at 10:00 a.m**.

5   4.   Hearing on the Order to Show Cause for Preliminary Injunction shall be held on **May 12,**

6   **2021, at 3:30 p.m.** on the Court's Zoom videoconference platform.  Notice for joining the

7   videoconference will be posted on the docket in this matter and is available on the Court's

8   website at www:cand.uscourts.gov/judges/gonzalez-rogers-yvonne-ygr/

9   The Court will entertain a modified schedule for briefing and hearing, and extension of the

10  temporary restraining order, if presented by stipulation of the parties.

11  **IT IS SO ORDERED.**

12  Dated: April 28, 2021

13  _____

14  **YVONNE GONZALEZ ROGERS**
    **UNITED STATES DISTRICT COURT JUDGE**