UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MEMPHIS MEATS, INC.**, <br> Plaintiff, <br> v. <br> **NAPAT TANDIKUL**, <br> Defendant. | Case No. 21-cv-3072-YGR <br><br> **ORDER GRANTING PRELIMINARY INJUNCTION** |

Plaintiff Memphis Meats Inc. filed a complaint alleging breach of contract and trade secret misappropriation, as well as an *ex parte* motion for a temporary restraining order and request for order to show cause for a preliminary injunction, and a request for expedited discovery, against Defendant Napat Tandikul. (Dkt. Nos. 1, 4.) On April 28, 2021, the Court granted the temporary restraining order and expedited discovery and issued its Order to Show Cause Why a Preliminary Injunction Should Not Issue. (Dkt. No. 13.) The parties filed their responsive briefing and supplemental briefing as directed by the Court, and appeared for hearing via Zoom videoconference on May 12, 2021.

The Court, having read and considered the papers and pleadings on file, the evidence submitted in support and in opposition, and the arguments of the parties, and for the reasons stated herein, **GRANTS** a Preliminary Injunction on the terms set forth herein.

Pursuant to Federal Rule of Civil Procedure 65, the Court may grant preliminary injunctive relief in order to prevent irreparable injury. To establish a right to a preliminary injunction, a plaintiff must demonstrate that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities tips in its favor; and (4) the injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Court finds that Memphis Meats has established each element required for a preliminary

1 injunction.

2 Memphis Meats has presented substantial evidence establishing a likelihood of success on its claims that Tandikul breached her employment agreement, misappropriated Memphis Meats' trade secrets, and used or threatened to use or disclose Memphis Meats' confidential and trade secret information absent a court order. Tandikul entered into an employment agreement with Memphis Meats which included provisions requiring her not to use Memphis Meats' proprietary information except in the performance of her job duties and to return all the company's proprietary information upon her departure. (Dkt. No. 4-4, Kassmeier Decl. ¶¶ 5, 13, Exh. A.) Memphis Meats presented evidence that Tankidul breached her employment agreement by downloading Memphis Meats' proprietary information for her own use and purpose and by failing to return those materials to the company upon termination of her employment. (Dkt. No. 4-8, Vlavianos Decl. ¶ 16; Dkt. No. 4-5, Bui Decl. ¶¶ 9-12.)

Memphis Meats further offered evidence that the materials downloaded by Tandikul contained trade secret information. (Dkt. No. 4-7, Kayser Decl. ¶¶ 16-24.) That evidence indicates Memphis Meats would be irreparably harmed if the information were to be shared with its competitors. (*Id*. ¶ 25.) Tandikul has indicated that she will to return to Thailand on or around June 10, 2021, when her visa expires. (Dkt. No. 20-2, Tandikul Decl., ¶ 12.) Memphis Meats has submitted sufficient evidence to establish a danger that Tandikul would engage in scientific discussions relating to the confidential information after she leaves the country. (Kassmeier Decl. ¶ 24.) Accordingly, the Court finds that Memphis Meats is likely to succeed on its breach of contract and trade secret misappropriation claims and that Memphis Meats is likely to suffer irreparable harm absent preliminary relief.

The Court further finds that the balance of the equities and public interest factors favor preliminary injunctive relief. Memphis Meats has made an unrebutted showing that Tandikul has no right to possess, use, or disclose its confidential and trade secret information and has a contractual duty to return such information to the company. Here, the preliminary injunction would require Defendant to do "no more than abide by trade laws and the obligations of contractual agreements signed with her employer." *See Henry Schein, Inc. v. Cook*, 191 F. Supp.

3d 1072, 1077-78 (N.D. Cal. 2016) (finding "public interest is served when defendant is asked to do no more than abide by trade laws and the obligations of contractual agreements signed with her employer"); *Comet Techs. United States of Am. Inc. v. Beuerman*, No. 18-CV-01441-LHK, 2018 WL 1990226, at *5 (N.D. Cal. Mar. 15, 2018) (balance of the equities favors plaintiff where injunctive relief "'would essentially only require him to abide by existing law regarding the unauthorized use of another's trade secrets'") (quoting *Pyro Spectaculars N., Inc. v. Souza*, 861 F. Supp. 2d 1079, 1092 (E.D. Cal. 2012)).

Based upon the foregoing, a preliminary injunction is **GRANTED**.

**IT IS HEREBY ORDERED THAT:**

1. Defendant Napat Tandikul, and any other person acting in concert with her, are enjoined from accessing, using, disclosing, sharing, or making available to any person or entity other than Memphis Meats, any of Memphis Meats' confidential, proprietary, or trade secret documents, data, or information.

2. Defendant Napat Tandikul, and any other person acting in concert with her, are enjoined from bringing, sending, transmitting, or otherwise transferring Memphis Meats' confidential, proprietary, or trade secret information to Thailand or any other foreign country.

3. Defendant Napat Tandikul, and any other person acting in concert with her, are enjoined from altering, destroying, or disposing of any evidence or other materials, in any form, relating to this action and the issues raised herein, including, without limitation, all devices, electronic media, cloud storage, and all copies of any and all documents, notebooks, media and/or other materials, containing, identifying, describing, reflecting or referencing Memphis Meats' confidential, proprietary, or trade secret information, and any and all documents, data and information which was obtained by Defendant from, or by virtue of her employment with, Memphis Meats, including all current or archived media, notebooks, emails, chats, texts, documents, electronic logs, metadata, storage and directories.

4. Defendant Napat Tandikul, and any other person acting in concert with her, are required to account for and return to Memphis Meats any and all of Memphis Meats' property, including its confidential, proprietary, and trade secret information, which may be contained in

3

Defendant's notebooks, documents, digital files, cloud storage, email, media and/or other materials.

5. Defendant Napat Tandikul, and any other person acting in concert with her, are required to comply with the terms of an ESI Order to surrender immediately to a forensic e-discovery expert all personal email accounts, phone, personal computers, other mobile devices (including phones and tablets), and any other computer drive or storage account, both local, or stored in an offsite server or the cloud, in Defendant's possession, custody, or control, or that were subject to her use, and that were used to access or store, even temporarily, Memphis Meats' confidential, proprietary, or trade secret information.  An e-discovery expert shall remediate all of Memphis Meats' data, information, documents, materials and any material derived therefrom from any of the abovementioned devices and accounts.  Defendant, and any other person acting in concert with her, shall be enjoined from accessing any of the abovementioned devices and accounts until Memphis Meats' data, information, documents, materials and any material derived therefrom have been remediated from the abovementioned devices and accounts.

Because the Court finds that there is no risk of monetary loss to Tandikul as a result of the issuance of this Order, based upon the representations of her counsel on the record of the preliminary injunction hearing, no bond need be posted by Memphis Meats in connection with this Preliminary Injunction.

**IT IS SO ORDERED.**

Dated: May 14, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**